[Crim. No. 18134. Second Dist., Div. Five. Nov. 23, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
ROY PHILLIP MOSQUEIRA, Defendant and Appellant.

COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**THE COURT.**—Defendant pleaded not guilty to an information charging him with grand theft. (Pen. Code, § 487, subd. 1.) Defendant waived jury trial and his right to confront and cross-examine witnesses. Pursuant to stipulation the cause was submitted on the transcript of the preliminary hearing. Defendant was found guilty. He was placed on two years probation conditioned, among other things, upon his spending the first 60 days in county jail. Bail on appeal was granted. Defendant appeals from the judgment (order granting probation).

On Sunday, July 13, 1969, Lyle Lucas locked his wallet in the trunk of his 1966 Cadillac for safekeeping preparatory to going to the beach. In the wallet were close to $300 in cash and a pair of season subscriber's tickets to the August 8 Los Angeles Rams-Dallas Cowboys football game at the Coliseum. The tickets were for seats 12 and 13, row 56, tunnel 18, the same seats Lucas held for each game of the season.

On July 14, 1969, Lucas sent his wife to the Giant Meat Company to pick up an order. She drove the family's 1966 Cadillac. When she arrived her order had already been placed in boxes. Two men assisted in loading the order into the Lucas' car, one was defendant, the other, the foreman at Giant Meat Company. Mrs. Lucas opened the trunk of her car. Inside were three large empty boxes. Mrs. Lucas said these boxes would have to be moved into the back seat of the car to make room for the meat order in the trunk. She walked around the side of the car and unlocked the rear door. The Giant foreman removed one of the empty boxes and placed it on the rear seat. Defendant meanwhile remained alone at the open trunk for a couple of minutes. Defendant then placed the other two empty boxes on the rear seat. Mrs. Lucas went and sat in the front seat of her car while her meat order was loaded in the trunk. She was unable to see the loading operation because her vision was obscured by the raised trunk lid. There were perhaps five or six people up on the loading dock, but Mrs. Lucas never saw anyone other than defendant and the foreman near her car. When the order was loaded into her car, Mrs. Lucas went into the office to sign the bill. The trunk of the car remained open during the couple of minutes it took her to do so. When she returned to the car defendant was standing alone near the car.

When Mrs. Lucas returned to her husband and told him she had picked up the meat order he remembered his wallet which he had placed in the trunk the previous day, beneath one of the empty boxes. He looked in the trunk and found the wallet was missing. He called the Giant Meat Company to inquire if anyone there had his wallet but received no affirmative response.

Lucas did not immediately notify police. Rather on August 8 he and his wife went to the police substation at the Coliseum and advised the officers on duty of the seat numbers on the tickets in the missing wallet. An officer went to the seats and found them occupied by defendant and a female companion. Defendant was then arrested.

On this appeal defendant contends that the evidence is insufficient to support his conviction. We cannot agree. On appeal the court must draw all reasonable inferences in favor of the judgment which the evidence permits. (*People* v. *Redmond,* 71 Cal.2d 745 [79 Cal.Rptr. 529,

457 P.2d 321].) ■ The fact that defendant was occupying one of the Lucas' seats at the Coliseum compels the inference that he had been in possession of the missing tickets. The circumstances surrounding the disappearance of the wallet permit the inference that it and its contents were stolen, rather than lost accidentally. ■ While mere possession of stolen property is insufficient in itself to sustain a conviction for its theft, it is so incriminating that only slight corroboration tending to show guilt is necessary. (*People* v. *McFarland,* 58 Cal.2d 748, 754 [26 Cal.Rptr. 473, 376 P.2d 449].) Here such corroboration is found in the fact that defendant had the clear opportunity to commit the theft. ■ While such clear opportunity alone, like possession alone, is not enough to sustain a conviction (*People* v. *Draper,* 69 Cal.App.2d 781, 786 [160 P.2d 80]), when both are present and provide corroboration of each other tending to show guilt, they suffice to sustain a conviction.

The judgment (order granting probation) is affirmed.